IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dewayne Egly, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 08 CV 2243 |
| ) | |
| v. ) | Judge: Gottschall |
| ) | Magistrate Judge: Mason |
| TDF Corporation, ) | |
| ) | |
| ) | <u>Jury Trial Demanded</u> |
| Defendant. ) | |
| ) | |

<u>DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE</u>

Defendant, TDF Corporation, by counsel, John O'Connor and Brian Ekstrom, respectfully moves this Honorable Court for dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §1406(a) and, in the alternative, moves this Court to transfer this action to the Central District of Illinois pursuant to 28 U.S.C. 1406(a) or 1404(a).  In support of its motion, TDF states as follows:

1.  Plaintiff Dewayne Egly filed this action on April 18, 2008, alleging breach of an alleged employment contract against TDF Corporation ("TDF").  (Complaint)

2.  Plaintiff has alleged jurisdiction on this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (Complaint, ¶ 3)  Plaintiff resides in Lake Geneva, Wisconsin.  (Complaint ¶ 1)

3.  Plaintiff correctly alleges that TDF's principal place of business is in Rock Island, Illinois.  (Complaint ¶ 2; Declaration of George Shreves, ¶ 2, attached hereto as

Exhibit A)  Rock Island, Illinois is located outside of the Northern District of Illinois and in the Central District of Illinois.

    4.  Plaintiff's sole allegations in his complaint in support of venue in the Northern District of Illinois are: "Upon information and belief, TDF does business in Chicago through a wholly owned subsidiary"; "Upon information and belief, an officer of TDF maintains an office in Naperville, Illinois"; and "Venue therefore is proper in this District under 1391(a) and 1391(c) because TDF does business in this District."  (Complaint, ¶¶ 4-6)

    5.  In fact, TDF does not do business in Chicago or in the Northern District of Illinois through a wholly owned subsidiary or otherwise, no TDF officer maintains an office in Naperville, Illinois or anywhere in the Northern District of Illinois, and TDF does no business in the Northern District of Illinois.  (Declaration of George Shreves, ¶¶ 3-5)

    6.  Plaintiff makes no allegation in his complaint that any events or omissions giving rise to his claim occurred in the Northern District of Illinois.  (Complaint)

    7.  28 U.S.C. §1391(a) provides in relevant part that "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State".

    8.  28 U.S.C. § 1391(c) states in relevant part that:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would

be sufficient to subject it to personal jurisdiction if that district were a separate State,

28 U.S.C. §1391(c).

9. Accordingly, because TDF is a resident of Illinois and Illinois has more than one judicial district, TDF shall only be deemed to reside in a judicial district within which its contacts would be sufficient to subject it to personal jurisdiction if the district were a separate State. 28 U.S.C. §1391(c).

10. A plaintiff has the burden of establishing proper venue. *Circle Group Internet, Inc. v. Atlas, Pearlman, Trop & Borkson, et al.,* No. 01 C 7338, 2002 U.S. Dist. LEXIS 12866 *6 (N.D. Ill. July 16, 2002). Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §1406(a) provide for dismissal of an action where venue is not proper.

11. To establish personal jurisdiction in this district consistent with principles of due process, Plaintiff must show that TDF has sufficient general contacts or specific contact within the Northern District of Illinois. *See, Int'l Med. Group, Inc. v. Am. Arbitration Ass'n,* 149 F. Supp. 2d 615, 624 (S.D. Ind. 2001) (citing *Wallace v. Herron,* 778 F.2d 391, 393 (7th Cir. 1985) and *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408 414, 104 S. Ct. 1868, 1872-1873 (1984)). General contacts are continuous and systematic contacts in the forum state. *Id.* Specific contacts are actions by the defendant within the state that give rise to the lawsuit. *Id.*

12. As mentioned above, Plaintiff has alleged no specific contacts because he has alleged no conduct giving rise to the action that occurred in the Northern District of Illinois. (Complaint)

13. While Plaintiff appears to be attempting to allege general contacts with the allegation that TDF does business in the district, Plaintiff's vague "Upon information and

belief" allegations are simply incorrect as TDF does no business in the Northern District of Illinois. (Declaration of George Shreves, ¶5) In fact, TDF has no general or specific contacts in the Northern District of Illinois. (Declaration of George Shreves, ¶¶ 2-5) Accordingly, the complaint in this matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. 1406(a) because Plaintiff has failed to establish venue pursuant to 28 U.S.C. §1391.

14.  Should this Court decline to dismiss this action under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. 1406(a), a transfer of venue is appropriate under 28 U.S.C. §1406(a), which provides for a transfer of venue where venue does not lie in the transferring court. As discussed above, venue does not lie in the Northern District of Illinois.

15.  For the same reasons that this matter should be dismissed for a lack of venue, discussed above, this Court should alternatively transfer venue to the Central District of Illinois where TDF resides and where most of the events giving rise to this action occurred. (Declaration of George Shreves)

16.  Finally, a transfer of venue to the Central District of Illinois is also appropriate under 28 U.S.C. §1404(a) even if venue were proper in the Northern District of Illinois because the Central District of Illinois would be the most convenient location for the parties and for third-party witnesses and would best serve the interests of justice. 28 U.S.C. §1404(a).

17.  Whether an action should be transferred under 28 U.S.C. §1404(a) is determined by consideration of convenience for the parties, convenience of the witnesses and the interests of justice. *See, Stewart Org., Inc., v. Ricoh Corp.,* 487 U.S. 22, 29-31,

108 S. Ct. 2239 2242-2244 (1988). While the plaintiff's choice of forum is to be considered, it is given less deference when the forum is not the location in which the events material to the dispute occurred or where it is not the location of Plaintiff's residence. *First National Bank v. El Camino Resources, Ltd.,* 447 F. Supp. 2d 902, 911-912 (N.D. Ill. 2006) (citing *Hyatt Corp. v. Pers. Comm. Indus. Ass'n,* 2004 U.S. Dist. LEXIS 25351 (N.D. Ill. Dec. 15, 2004).

18. As discussed above, no events giving rise to the complaint in this matter occurred in the Northern District of Illinois. Further, any inconvenience to Plaintiff of an action in the Central District of Illinois is minimal as Plaintiff resides in Lake Geneva, Wisconsin, and not in the Northern District of Illinois.

19. In addition, the forum of the Central District of Illinois would be significantly more convenient to TDF and its management as its office is located in the Central District of Illinois as is the documentary evidence that relates to this litigation. (Declaration of George Shreves, ¶¶ 2, 10)

20. Further, the Central District of Illinois would be more convenient to third-party witnesses who may not be subject to subpoena in the Northern District of Illinois. This fact is particularly important in this litigation as persons with knowledge of Plaintiff's failure to perform under the employment agreement at issue, who will likely be witnesses, have left TDF's employ and are believed to still reside in the Central District of Illinois and out of reach of the subpoena power of the Northern District of Illinois. (Declaration of George Shreves, ¶¶ 7-9; Complaint, Ex. B); Fed. R. Civ. P. 45(b)(2).[1]

---

[1] According to MapQuest, Rock Island is approximately 180 miles from the courthouse at 219 S. Dearborn, Chicago, Illinois and, therefore, well beyond the scope of trial subpoenas under Federal Rule of Civil Procedure 45(b)(2).

5

21. Finally, the interests of justice would be best served with this action located in the Central District of Illinois. Litigating controversies in their own location is a goal of the federal court system. *Doage v. Bd. Of Regents,* 950 F. Supp. 258, 262 (N.D. Ill. 1997). The present action involves an alleged contract dispute between TDF and its then-president. (Complaint) TDF is located in the Central District of Illinois and most alleged events relating to this case occurred in the Central District of Illinois. (Declaration of George Shreves) Accordingly, the Central District of Illinois has the greatest interest in resolving this dispute. *Id.*

Wherefore, Defendant TDF Corporation respectfully moves this Honorable Court to dismiss this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §1406(a) or, in the alternative, to transfer venue of this action to the Central District of Illinois pursuant to 28 U.S.C. §1406(a) or 28 U.S.C. §1404(a).

        Respectfully submitted,

        TDF Corporation, Defendant

        /s/ John O'Connor
        _____
        Attorney for Defendant

John O'Connor
Brian Ekstrom
Hubbard & O'Connor
900 West Jackson
Six West
Chicago, Illinois 60607
312.421.5960

## DECLARATION OF GEORGE SHREVES

George Shreves, under penalties of perjury pursuant to 28 U.S.C. §1746, states as follows:

1. I was employed by TDF Corporation as Vice President from December 1996 until November 2007. I am currently employed as President of RCH, a company that purchased TDF Corporation. I have personal knowledge of the facts set forth in this Declaration.

2. Throughout 2007, TDF Corporation ("TDF") was an information technology company primarily doing business with the U.S. Army and with its principal place of business in Rock Island, Illinois. RCH also has its principal place of business in Rock Island, Illinois.

3. Since before 2007, TDF has had no subsidiary located in Chicago or in the Northern District of Illinois.

4. Since before 2007, no TDF or RCH officer has maintained an office in Naperville, Illinois and no TDF or RCH officer has maintained an office in the Northern District of Illinois.

5. Since before 2007, TDF and RCH have had no offices in the Northern District of Illinois and have not transacted business in the Northern District of Illinois.

6. In his capacity as president of TDF, Plaintiff performed his duties primarily in Rock Island, Illinois and Lake Geneva, Wisconsin, where he resided. I am aware of no work performed by Plaintiff in the Northern District of Illinois.

7. As set forth in TDF's correspondence to Plaintiff attached to the complaint as Exhibit B, Plaintiff's failure to perform his obligations under the alleged employment agreement resulted in the departure at least five employees from TDF's employment.

8. TDF intends to call as witnesses in this matter some or all of the employees who left employment with TDF because of Plaintiff's failure to perform under the alleged agreement.

9. These former employees all reside in the Rock Island / Quad Cities area and are not within TDF's control.

10. With the possible exception of Plaintiff's own documents, all documents relating to Plaintiff's employment and all documents relating to Plaintiff's failure to perform under the alleged agreement are located at TDF's principal place of business in Rock Island, Illinois.

_____          _6/25/08_____
George Shreves                                          Date