IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dewayne Egly, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 08 CV 2243 |
| ) | |
| v. ) | Judge: Gottschall |
| ) | Magistrate Judge: Mason |
| TDF Corporation, ) | |
| ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |
| ) | |

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS OR TRANSFER VENUE

Defendant, TDF Corporation, by counsel, John O'Connor and Brian Ekstrom, respectfully submits the following reply in support of its motion to dismiss or transfer venue to the Central District of Illinois pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. §1406(a) and 1404(a).

TDF filed the instant motion on the grounds that venue is inappropriate and inconvenient in the Northern District of Illinois because neither party resides in the district, no events giving rise to the complaint occurred in the district and TDF lacks sufficient contacts with the Northern District of Illinois to be sued here by Plaintiff. Plaintiff has responded to the motion by asserting the existence of negligible or non-existent contacts with the Northern District of Illinois and by merely asserting that the Northern District of Illinois would be more convenient for him despite his out of state residence. As discussed below and in TDF's motion, Plaintiff's arguments lack merit and this matter should be dismissed or transferred to the Central District of Illinois.

I.  TDF Lacks Contacts to the Northern District of Illinois

Plaintiff asserts that TDF has contacts in the Northern District of Illinois because former President Claudia Fabela is listed at a Naperville address, certain listings on the Internet refer to a Naperville office, and companies related to TDF are listed at some unknown time as doing some unknown type of business in the Chicago area or are identified by the Secretary of State as having registered agents in the Northern District of Illinois. These alleged contacts are insufficient as a matter of law.

As stated in TDF's motion to dismiss, to establish personal jurisdiction in this district consistent with principles of due process, Plaintiff has the burden to show that TDF has sufficient general contacts or specific contacts within the Northern District of Illinois. *See, Int'l Med. Group, Inc. v. Am. Arbitration Ass'n,* 149 F. Supp. 2d 615, 624 (S.D. Ind. 2001) (citing *Wallace v. Herron,* 778 F.2d 391, 393 (7th Cir. 1985) and *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408 414, 104 S. Ct. 1868, 1872-1873 (1984)). General contacts are continuous and systematic contacts in the forum state. *Id.* Specific contacts are actions by the defendant within the state that give rise to the lawsuit. *Id.* Plaintiff has made no allegations in his complaint that any event giving rise to this lawsuit occurred in the Northern District of Illinois and thus has alleged no specific contacts for purposes of jurisdiction. *Id.* (Complaint)

Plaintiff's attempt to allege "continuous and systematic" contacts in the Northern District of Illinois in order to invoke its jurisdiction falls far short. The presence of a corporate agent or, "single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there." *International Shoe Co. v. State of Washington,* 326 U.S. 310, 317, 66 S. Ct. 154, 159 (1945) (citations omitted). As set forth in the Second Declaration of George Shreves, attached hereto, Claudia Fabela's only

2

relation to the Northern District of Illinois is her Naperville residence. (Second Declaration of George Shreves, ¶ 3) But it is TDF that must have continuous and systematic contacts in the Northern District of Illinois and TDF and Claudia Fabela's work for TDF does not involve business in the Northern District of Illinois. (Declaration of George Shreves, attached to Motion; Second Declaration of George Shreves) Plaintiff's attempt to prove otherwise through citation to vague web references (including one from 2001) without authority, source or date for some of the information can hardly contradict the knowledge of an officer of TDF. Indeed, it is quite notable that Plaintiff, who was TDF's president, has been unable to allege even a single business transaction or activity of TDF's that occurred in the Northern District of Illinois during the period beginning with his employment until now, let alone allege sufficient business activity to constitute continuous and systematic contacts with the district. (Complaint, ¶ 8; Plaintiff's Response to Motion to Dismiss)

Plaintiff fares no better with his references to Avolux, Logistics Transfer Group and Simplicity Squared, companies related to TDF. First, these are separate companies and are not TDF. Second and most importantly, none of these companies has done business in the Northern District of Illinois since before 2007, a time well before Plaintiff arrived at TDF in August 2007. (Second Declaration of George Shreves; Complaint, ¶ 7)

Plaintiff's sole evidence of some contact between these companies and the Northern District of Illinois is that the registered agents for Logistics Transfer Group and Simplicity Squared have addresses in the Chicago area and a "Project Wedding" website refers to Avolux as somehow serving the area of Chicago. Contrary to Plaintiff's affidavit, the Secretary of State web site does not state that either Logistics Transfer Group or Simplicity Squared have Chicago offices. It identifies the companies as located in the Quad Cities and merely lists Chicago area

3

addresses for the registered agents. (Exhibits E and F attached to Plaintiff's Response) The presence of a registered agent in the district does not constitute continuous and systematic contacts in the district. *Consolidated Development Corporation v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) (citing *International Shoe Co. v. State of Washington*, 326 U.S. 310, 317, 66 S. Ct. 154, 159 (1945).[1] As for Avolux, Plaintiff merely attaches a "Project Wedding" Internet listing, copyrighted in 2006-2007, that lists Chicago as an "area served", whatever that means. (Exhibit G attached to Plaintiff's Response) None of this information, including the inadmissible hearsay from the wedding site, for what little it is worth, in any way contradicts the fact that since 2007 none of these companies have done business in the Northern District of Illinois. (Second Declaration of George Shreves) Accordingly, Plaintiff falls well short carrying his burden to show "continuous and systematic" contacts with the Northern District of Illinois. *Id., See also, Int'l Med. Group, Inc. v. Am. Arbitration Ass'n*, 149 F. Supp. 2d 615, 624 (S.D. Ind. 2001) (citing *Wallace v. Herron*, 778 F.2d 391, 393 (7th Cir. 1985) and *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 414, 104 S. Ct. 1868, 1872-1873 (1984)).

II. Plaintiff's Choice of Venue is Not Entitled to Deference.

While Plaintiff focuses on 28 U.S.C. §1404(a) to argue that the burden is on TDF to show venue is improper and that Plaintiff's choice is given deference, Plaintiff misses the point that under 28 U.S.C. §1406(a), which is applicable here, the plaintiff has the burden of establishing proper venue. *Circle Group Internet, Inc. v. Atlas, Pearlman, Trop & Borkson, et al.*, No. 01 C 7338, 2002 U.S. Dist. LEXIS 12866 *6 (N.D. Ill. July 16, 2002). As far as deferring to the Plaintiff's choice, venue under 28 U.S.C. 1406(a) must pass due process muster, regardless of a plaintiff's choice. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 414, 104 S.

---

[1] For the same reason, Plaintiff's reference to the Secretary of State listing of Claudia Fabela as TDF's registered agent at her home address in Naperville fails to constitute sufficient general or continuous and systematic contacts for due process purposes.

4

Ct. 1868, 1872-1873 (1984)). Further, even under 28 U.S.C. 1404(a), a plaintiff's choice is given less deference when, as here, the forum is not the location in which the events material to the dispute occurred or where it is not the location of Plaintiff's residence. *First National Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 911-912 (N.D. Ill. 2006) (citing *Hyatt Corp. v. Pers. Comm. Indus. Ass'n,* 2004 U.S. Dist. LEXIS 25351 (N.D. Ill. Dec. 15, 2004).

III. Convenience of the Parties and Witnesses Supports a Change of Venue.

As discussed above and in TDF's motion, it is not even necessary to reach the issue of convenience to the parties because TDF lacks the requisite contacts to be sued here. Nonetheless, convenience to the parties and witnesses also supports a change of venue under 28 U.S.C. §1404(a). In its motion, TDF points to the fact that, with the exception of the Plaintiff who resides in Wisconsin, most every person who will testify in this matter – including witnesses who are expected to testify that they left employment because of Plaintiff and are not within TDF's control- lives or works in the Quad Cities and documents relevant to the case are located in the Quad Cities. (Motion to Dismiss, ¶19-20) The sole basis for Plaintiff's argument in favor of venue in the Northern District of Illinois appears to be that he resides about an hour further from the Central District of Illinois. (Plaintiff's Response, pages 4-5) Certainly an hour's car drive for the Plaintiff is substantially outweighed by the inconvenience to TDF employees and third parties. More importantly, as discussed in TDF's motion to dismiss, TDF could be substantially and unfairly prejudiced by an inability to subpoena witnesses for trial in the Northern District of Illinois. (Motion to Dismiss, ¶ 20) No such problems would arise in the Central District of Illinois.

IV. The Interests of Justice Weigh in Favor of Venue in the Central District of Illinois.

As stated in TDF's motion, adjudicating controversies in their own location is a goal of the federal court system. *Doage v. Bd. Of Regents,* 950 F. Supp. 258, 262 (N.D. Ill. 1997). The Plaintiff's sole response to this point is that the alleged contract at issue identifies Illinois as the choice of law. (Plainitff's Response, page 7) But the Central District of Illinois is also Illinois. TDF is located in the Central District of Illinois and most alleged events relating to this case occurred in the Central District of Illinois. (Declaration of George Shreves attached to Motion to Dismiss) Accordingly, the Central District of Illinois has the greatest interest in resolving this dispute. *Id.*

For the reasons set forth herein and in TDF's Motion to Dismiss or Transfer Venue, Defendant TDF Corporation respectfully requests that this Court grant its motion to dismiss for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §1406(a) or, in the alternative, to transfer venue of this action to the Central District of Illinois pursuant to 28 U.S.C. §1406(a) or 28 U.S.C. §1404(a).

        Respectfully submitted,

        TDF Corporation, Defendant

        /s/ John O'Connor

        Attorney for Defendant

John O'Connor
Brian Ekstrom
Hubbard & O'Connor
900 West Jackson
Six West
Chicago, Illinois 60607
312.421.5960

## ***DECLARATION OF GEORGE SHREVES***

George Shreves, under penalties of perjury pursuant to 28 U.S.C. §1746, states as follows:

1. I was employed by TDF Corporation as Vice President from December 1996 until November 2007. I am currently employed as President of RCH, a company that purchased TDF Corporation. I have personal knowledge of the facts set forth in this Declaration.

2. While Avolux may have performed some limited work in the Chicago area prior to 2007, the company has not conducted business in Chicago or the Northern District of Illinois since January 1, 2007.

3. Claudia Fabela, who was previously the President of TDF and its registered agent, had her residence in Naperville, Illinois as listed on the Secretary of State website but TDF did not maintain an office or transact business in Naperville or the Northern District of Illinois since before 2007.

4. Neither Logistics Transformation Group nor Simplicity Squared conducted business in the Northern District of Illinois since before 2007.

_____  7/29/2008

George Shreves

## CERTIFICATE OF SERVICE

TO:   John W. Carver
      Tressler, Soderstrom, Maloney & Priess
      233 South Wacker Drive
      Suite 2200
      Chicago, IL 60606-6308


I, John O'Connor, an attorney, hereby certify that I caused the foregoing **Defendant's Reply In Support of Motion To Dismiss Or Transfer Venue** to be electronically filed on this 30th day of July, 2008 with the Clerk of the Court using the ECF system which sent notification of such filing to the above-listed attorneys.

                                             /s/ John O'Connor
                                             _____

Brian Ekstrom
John O'Connor
HUBBARD & O'CONNOR, LTD.
900 West Jackson Boulevard
Six West
Chicago, Illinois 60607
312-421-5960

7